IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RYAN NIBBE, # K74043,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00933-JPG |
| | ) | |
| **B. LIVINGSTON,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ryan Nibbe, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 against Defendant B. Livingston, a correctional officer at Lawrence Correctional Center ("Lawrence"). According to the complaint, Officer Livingston used excessive force against Nibbe at Lawrence in September 2014. When Nibbe complained about his conduct, Officer Livingston threatened Nibbe with physical harm. Nibbe now sues Officer Livingston for monetary damages.

### Merits Review Under 28 U.S.C. § 1915A

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

In early September 2014, Nibbe was involved in an altercation with another inmate as they both walked to the chow hall at Lawrence (Doc. 1, p. 5). Several correctional officers ordered the two inmates to "break it up" (*id.*). They stopped fighting. Officer Livingston placed Nibbe in handcuffs, and "order was restored" (*id.*).

Even so, the officer sprayed Nibbe with pepper spray. He then slammed Nibbe's face into a barbed wire fence so hard that Nibbe was transported to an outside hospital for medical treatment. He received thirteen stitches above his eye.

When he returned to Lawrence, Nibbe was punished for fighting with thirty days in segregation. He was denied the opportunity to flush the remaining pepper spray from his eyes. He was also denied a shower for eight days. Nibbe was released from segregation after only nineteen days.

Nibbe subsequently filed two grievances complaining about Officer Livingston's use of excessive force against him. In response, Officer Livingston threatened Nibbe with physical harm, if he "continued to put 'paperwork' on . . . Livingston" (*id.*). Nibbe returned to segregation, where he remained until he was transferred to Pinckneyville for his "safety and security" (Doc. 1, p. 6). Nibbe believes he was transferred because an unofficial investigation revealed that Officer Livingston's conduct did, in fact, rise to the level of excessive force. He believes that this is also why he was released from segregation after only nineteen days.

Nibbe now sues Officer Livingston for violating his right to be free from cruel and unusual punishment under the Eighth Amendment by using excessive force against him. He seeks $75,000 in monetary damages.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of the Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Nibbe's *pro se* complaint into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts should not be construed as an opinion regarding their merit:

> **Count 1:** Officer Livingston used excessive force against Nibbe, in violation of the Eighth Amendment, when he sprayed Nibbe with pepper spray and slammed his face into a barbed wire fence after handcuffing him in September 2014;
>
> **Count 2:** Nibbe was subjected to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when he was denied the opportunity to wash the pepper spray from his eyes after returning from the hospital and denied a shower for eight days following his placement in segregation in September 2014; and
>
> **Count 3:** Officer Livingston retaliated against Nibbe, in violation of the First Amendment, by threatening him with physical harm for filing grievances against him in September 2014.

The allegations in the complaint support an Eighth Amendment excessive force claim (**Count 1**) and a First Amendment retaliation claim (**Count 3**) against Officer Livingston. Both claims shall receive further review.

However, the complaint fails to articulate a claim for unconstitutional conditions of confinement that violate the Eighth Amendment (**Count 2**). Nibbe complains about two conditions that he endured in segregation: (1) the denial of an opportunity to flush his eyes with water after returning to segregation from the hospital; and (2) the denial of a shower for eight days. Whether standing alone or in combination, these conditions do not offend the Constitution.

Nibbe does not allege that the exposure to pepper spray caused any adverse health consequences or exacerbated any existing conditions, or that Officer Livingston knew that Nibbe was suffering from these health consequences.  *See Flournoy v. Schomig*, 418 Fed. App'x 528, 531 (7th Cir. 2011).  Further, it is well established that limiting inmates to weekly showers does not violate the Eighth Amendment.  *See, e.g., Vasquez v. Braemer*, 586 Fed. App'x 224, 228 (7th Cir. 2014) (no violation for access to shower that is only weekly); *Hardaway v. Meyerhoff*, 734 F.3d 740, 744-45 (7th Cir. 2013) (same); *Myrick v. Anglin*, 496 Fed. App'x 670, 675 (7th Cir. 2012) (same); *Henderson v. Lane*, 979 F.2d 466, 468-69 (7th Cir. 1992) (same); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988) (same).  **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff has filed a motion for service of process at government expense (Doc. 5), which is **GRANTED**.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that with respect to **COUNTS 1** and **3**, the Clerk of Court shall prepare for Defendant **B. LIVINGSTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return

the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 29, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**