**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RYAN NIBBE, K74043,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:15-cv-00933-JPG-PMF** |
| | ) | |
| **B. LIVINGSTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Ryan Nibbe's motion for leave to file an amended complaint. (Doc. 18). Nibbe initially filed suit on August 21, 2015 while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1). Nibbe states in his original complaint that in September 2014 he was housed at Lawrence Correctional Center ("Lawrence") when he was involved in an altercation with another inmate named "Chester." Correctional officers ordered the two inmates to "break it up" and the inmates were placed in handcuffs. Nibbe then asserts that Correctional Officer Livingston maliciously doused him in pepper spray and slammed his head against a wire fence, cutting his face. Nibbe was sent to an outside hospital and received 11 stitches. Nibbe also asserts that Livingston later threatened him with physical harm because he (Nibbe) was filing grievances concerning the incident. Judge Gilbert screened Nibbe's complaint pursuant to 28 U.S.C. § 1915A and held that Nibbe stated two colorable claims against Livingston: an Eighth Amendment excessive force claim and a First Amendment retaliation claim. (Doc. 7).

Nibbe states in his amended complaint that when he was taken to the outside hospital, the doctor there prescribed him Tylenol and Norco pills. When Nibbe returned to Lawrence he was

1

still in a great deal of pain. He repeatedly requested that he be given the pain medication, but Nurse Sarbuckle at the Lawrence Health Care Unit refused to provide him with his prescribed medication. Nibbe states that Nurse Sarbuckle falsified his medical chart by stating that he refused the medication, when the opposite was true.

Nibbe was punished with 30 days in segregation for his involvement in the fight. He was released from segregation into general population after serving only 19 days. Sometime shortly therafter, Nibbe states that he was placed back in segregation "because of an investigation on [Correctional Officer] Livingston's misconduct toward plaintiff." During this period Nibbe spoke to his counselor, Colin Ray, to request grievance forms. However Ray refused to provide them. Nibbe was later notified that he would be transferred to because of the altercation with inmate Chester. Nibbe asserts in his amended complaint that he was not in fact an enemy of inmate Chester, and that he was transferred to Pinckneyville as retaliation for filing grievances.

Nibbe now seeks to amend his complaint to include new claims and defendants. First, Nibbe seeks to add John Doe Illinois Department of Corrections employees "responsible for the conditions and excessive force." It is not clear from his amended complaint which individuals Nibbe is referring to, or what specific involvement they had in the altercation and subsequent events. Although *pro se* pleadings must be liberally construed, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). As such, Nibbe's vague assertions against John Doe defendants fail to state a claim.

Nibbe's claims against counselor Colin Ray and Warden Duncan also fail. Nibbe states that Ray told him that he would not process his grievances and declined to provide him with

grievance forms. However prisoners do not have a constitutional right to effective grievance procedures. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). As for Warden Duncan, Nibbe states that the Warden failed to protect him from defendant Livingston and the dangerous wire fencing. Any claim against Warden Duncan must fail because Nibbe has not asserted that Warden Duncan was directly involved in the altercation or subsequent events. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("Respondeat superior or vicarious liability will not attach under § 1983"). Moreover, Nibbe has not provided any case law to suggest that the mere existence of razor wire fencing violates prisoners' Eight Amendment rights. It is axiomatic that prisons are designed to keep inmates confined.

Nibbe does however state a colorable claim against Nurse Sarbuckle. Nibbe asserts that Nurse Sarbuckle did not provide him with his prescribed painkillers and falsified his medical chart to state that he declined the medication. The failure to provide a prisoner with prescribed medication can give rise to an Eighth Amendment deliberate indifference to serious medical needs claim. See *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). Nibbe's claim against Nurse Sarbuckle should therefore proceed.

It is RECOMMENDED that Nibbe's motion for leave to file an amended complaint be granted. If this report and recommendations is adopted, Nibbe's claims will be as follows:

**Claim 1:** Officer Livingston used excessive force against Nibbe, in violation of the Eighth Amendment, when he sprayed Nibbe with pepper spray and slammed his face into a barbed wire fence after handcuffing him in September 2014;

**Claim 2:** Officer Livingston retaliated against Nibbe, in violation of the First Amendment, by threatening him with physical harm for filing grievances against him in September 2014;

**Claim 3:** An Eighth Amendment deliberate indifference to serious medical needs claim against Nurse Sarbuckle when she refused to provide Nibbe with his prescribed medication.

If this report and recommendations is adopted, Nurse Sarbuckle shall be provided with the necessary service of process forms as set forth in Judge Gilbert's screening order. (Doc. 7, p. 4).

SO RECOMMENDED.

DATED: <u>April 25, 2016</u>.

<u>*s/ Philip M. Frazier*</u>
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE