IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN NIBBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-933-SMY-RJD |
| | ) |
| BRIAN LIVINGSTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ryan Nibbe, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while incarcerated at Lawrence Correctional Center ("Lawrence"). Specifically, Plaintiff alleges that Defendant Brian Livingston, a correctional officer at Lawrence, used excessive force against him in September 2014. Nibbe further alleges that when he complained about his conduct, Officer Livingston threatened him. Nibbe proceeds on the following Counts:

Count 1: Officer Livingston used excessive force against Nibbe, in violation of the Eighth Amendment, when he sprayed Nibbe with pepper spray and slammed his face into a barbed wire fence after handcuffing him in September 2014;

Count 2: Officer Livingston retaliated against Nibbe, in violation of the First Amendment, by threatening him with physical harm for filing grievances against him in September 2014.

This matter is currently before the Court on Defendant's Motion for Partial Summary Judgment (Doc. 108). Plaintiff filed a Response (Doc. 109). For the following reasons, Defendant's motion is **GRANTED**.

## Factual Background

Plaintiff Ryan Nibbe was an inmate at Lawrence on September 7, 2014 (Plaintiff's Deposition, Doc. 108-1 at 14). On that day, Nibbe initiated a fight with another inmate (Chester) while in the chow line for evening meal (*Id*. at 14-16). Officer Livingston intervened and "maced" Chester, and then grabbed Nibbe (*Id.* at 15). Nibbe alleges that Livingston handcuffed him and when he turned around, "maced" him, walked him over to the side and slammed his face onto the fence (*Id*.). Nibbe received nine stitches for a laceration in his forehead and two stitches in his eyelid (*Id*. at 28). He has a scar over his right eye from the laceration (*Id.* at 36). Nibbe served one day in isolation and 18 days in segregation for the fight and was then released back into general population (*Id.* at 29, 33).

Approximately two days after Nibbe was released from segregation, Livingston approached him and pulled him and another inmate out of line under the guard tower (*Id.* at 31, 34). Livingston said, "You put paper on me" (*Id.* at 31, 34.). Nibbe responded, "Dude, I didn't even put nothing on you yet" (*Id.*). Livingston said, "Well, you know I didn't do it. I didn't do it" (*Id.* at 31). Nibbe stated, "Man, you did do it. You know there's no saving your ass for this man. You put stitches in my face, dude, you know, for no reason" (*Id.*). Livingston responded, "Don't be putting no paper on me, man. If you put some paper on me, there's con[sequences]" (*Id.*). Nibbe answered, "I don't give a fuck about no consequences. You put stitches in my face." (*Id.*). Nibbe then returned to the meal line (*Id*). Nibbe and Livingston had no further interactions after this conversation (*Id.* at 36). At the time of the conversation with Livingston, Nibbe had not filed a grievance against Livingston, but had attempted to while he was in segregation (*Id.* at 35).

Approximately a month later, Nibbe timely filed a grievance against Livingston raising excessive force and retaliation claims (Plaintiff's Grievance, Doc. 86-4 at 20-23).

## **Discussion**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

It is well settled that a prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In order for a plaintiff to prevail on a First Amendment retaliation claim, he must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

Livingston argues that he is entitled to summary judgment on Count 2 because Nibbe did not engage in protected speech under the First Amendment, there is no evidence that Nibbe

suffered from an adverse action at the hands of Livingston, and because he is entitled to qualified immunity. Livingston asserts that because Nibbe had merely threatened to file a grievance, but had not actually filed a grievance prior to their conversation, he had not engaged in any protected First Amendment speech.

In *Bridges*, the Seventh Circuit analyzed whether a threat to file a grievance could be deemed protected activity under the First Amendment and held, "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment protected grievance. *Bridges*, 557 F.3d at 555 (emphasis in the original). Moreover, even if Nibbe's threat to file a grievance were deemed protected speech, he has failed to show evidence of a deprivation likely to deter First Amendment activity.

The standard for a retaliation claim is whether the retaliatory act would "deter a person of ordinary firmness" from exercising his First Amendment rights. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982); *see also Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). Not every instance of retaliatory conduct amounts to a constitutional violation. *See Id.* "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Id.* In this Circuit, threats of violence by prison guards have been held to *not* amount to retaliation. *See Antoine v. Uchtman*, 275 F.App'x 539, 541 (7th Cir. 2008). Indeed, as the Seventh Circuit noted in *Antoine* that "the Constitution does not compel guards to address prisoners in a civil tone using polite language." *Id.*

Nibbe maintains that Livingston's statement that "there's consequences" if he filed a grievance constitutes retaliation such that an inmate would be deterred from filing a grievance, and therefore suffer a deprivation. However, Nibbe admits that he was not, in fact, deterred from filing such a grievance. Nevertheless, he argues that although he was not deterred, an inmate of

"ordinary firmness" would be deterred from exercising their right to file a grievance by Livingston's threats of consequences.

The Court does not find this argument compelling. Livingston's statement did not rise to the level of deprivation that would likely deter First Amendment activity in the future because Nibbe's activity was not deterred. Because there was no deprivation, Nibbe cannot show that he suffered retaliation in violation of his First Amendment rights.[1] Accordingly, Defendant's Motion for Partial Summary Judgment (Doc. 108) is **GRANTED**. Count 2 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: February 6, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] Defendant also asserts that he is entitled to qualified immunity on Nibbe's claims. Because the Court has concluded that the evidence does not create a genuine issue of material fact as to whether Defendant violated Nibbe's First Amendment rights, it will not address the issue of qualified immunity.