IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN NIBBE, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 15-CV-933-SMY-RJD ) |
| BRIAN LIVINGSTON, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Ryan Nibbe (Doc. 113) and Defendant Brian Livingston (Doc. 115).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be

developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

**Plaintiff's Motions *in Limine:***

- Plaintiff's Motion *in limine* No. 1 – Plaintiff moves to exclude evidence relating to Plaintiff's arrests and convictions. Evidence that Plaintiff has been convicted of a felony is probative as to his credibility as a witness under FRE 609 and is therefore admissible for that purpose. However, the Court finds that details, such as the crime(s) for which

Plaintiff was convicted and the length of his sentence, are more prejudicial than probative and are thus excludable under FRE 403. Accordingly, the motion is **GRANTED in part**. Only the fact that Plaintiff has been convicted of a felony will be admitted.

- Plaintiff's Motion *in limine* No. 2 – Plaintiff moves to bar reference to any of Plaintiff's conduct violations or disciplinary history while incarcerated. The motion is **GRANTED without objection**.

**Defendant's Motions *in Limine*:**

- Defendant's Motion *in limine* No. 1 – Defendant moves to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting that the State of Illinois may indemnify Defendant. The motion is **GRANTED without objection**.

- Defendant's Motion *in limine* No. 2 – Defendant moves to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving the Defendant. The motion is **GRANTED without objection**.

- Defendant's Motion *in limine* No. 3 – Defendant moves to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand or grievance issued against Defendant. The motion is **GRANTED without objection**.

- Defendant's Motion *in limine* No. 4 – Defendant moves to prohibit Plaintiff from offering evidence of testimony refereeing any "Golden Rule" appeal. The motion is **GRANTED without objection**.

- Defendant's Motion *in limine* No. 5 – Relying on *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006), Defendant moves to prohibit Plaintiff from offering evidence or testimony referencing Illinois Administrative Code and Illinois Department of Corrections Administrative Directives. Defendant seeks to extend *Thompson*, a Fourth Amendment case, to the instant Eighth Amendment case. The standard for an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992). In the Eighth Amendment context, the Seventh Circuit has held that a knowing violation of prisons rules is relevant evidence. *See Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) ("although the violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass"). Accordingly, the motion is **DENIED**. However, the Court will instruct the jury with a limiting instruction advising the jury that violations of or compliance with a statute, rule, or regulation may be considered, but is not dispositive of whether a constitutional violation occurred.

- Defendant's Motion *in limine* No. 6 (mislabeled as 7) – Defendant moves to bar Plaintiff from offering inadmissible hearsay statements of any mental health conditions. The motion is **GRANTED without objection**.

- Defendant's' Motion *in limine* No. 7 (mislabeled as 8) – Defendant moves to bar Plaintiff from offering evidence or eliciting testimony pertaining to the lack of video footage or Defendant's video retention policies at trial. The motion is **TAKEN UNDER ADVISEMENT**.

**IT IS SO ORDERED.**

**DATED: September 10, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**